**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Belden Henderson,<br><br>            Plaintiff,<br><br>vs.<br><br>Carolyn W. Colvin, Commissioner of the Social Security Administration,<br><br>            Defendant. | CIV 13-1830-PHX-MHB<br><br>**ORDER** |

Pending before the Court is Plaintiff Jeffrey Belden Henderson's appeal from the Social Security Administration's final decision to deny his claim for disability insurance benefits and supplemental security income. After reviewing the administrative record and the arguments of the parties, the Court now issues the following ruling.

**I. PROCEDURAL HISTORY**

July 2010, Plaintiff filed an application for disability insurance benefits and supplemental security income alleging disability beginning in July 2009. (Transcript of Administrative Record ("Tr.") at 229-240.) Plaintiff's onset date was later amended to April 7, 2010[1]. (Tr. at 40-41.) Plaintiff's claims were denied initially and on reconsideration. (Tr. at 85-142.) Thereafter, Plaintiff requested a hearing before an administrative law judge, and a hearing was held on May 15, 2012. (Tr. at 36-75.) Afterwards, the ALJ issued a decision

---

[1]Defendant asserts that the amendment was made due to an April 2010 adverse decision on a prior disability claim made by Plaintiff that the ALJ declined to reopen. (Doc. 31, at 12.)

1  finding that Plaintiff was not disabled. (Tr. at 17-29.) The Appeals Council denied
2  Plaintiff's request for review, (Tr. at 1-5), making the ALJ's decision the final decision of
3  the Commissioner. This appeal followed.

## II. STANDARD OF REVIEW

The Court must affirm the ALJ's findings if the findings are supported by substantial evidence and are free from reversible legal error. See Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Marcia v. Sullivan, 900 F.2d 172, 174 (9th Cir. 1990). Substantial evidence means "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see Reddick, 157 F.3d at 720.

In determining whether substantial evidence supports a decision, the Court considers the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. See Reddick, 157 F.3d at 720. "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995); see Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). "If the evidence can reasonably support either affirming or reversing the [Commissioner's] conclusion, the court may not substitute its judgment for that of the [Commissioner]." Reddick, 157 F.3d at 720-21.

## III. THE ALJ'S FINDINGS

In order to be eligible for disability or social security benefits, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An ALJ determines a claimant's eligibility for benefits by following a five-step sequential evaluation:

(1) determine whether the applicant is engaged in "substantial gainful activity";

(2) determine whether the applicant has a medically severe impairment or combination of impairments;

- 2 -

(3) determine whether the applicant's impairment equals one of a number of listed impairments that the Commissioner acknowledges as so severe as to preclude the applicant from engaging in substantial gainful activity;

(4) if the applicant's impairment does not equal one of the listed impairments, determine whether the applicant is capable of performing his or her past relevant work;

(5) if the applicant is not capable of performing his or her past relevant work, determine whether the applicant is able to perform other work in the national economy in view of his age, education, and work experience.

See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). At the fifth stage, the burden of proof shifts to the Commissioner to show that the claimant can perform other substantial gainful work. See Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993). The Commission must consider claimant's residual functional capacity and vocational factors such as age, education, and past work experience. Id.

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since April 7, 2010 – the amended onset date. (Tr. at 22.) At step two, he found that Plaintiff had the following severe impairments: disorder of the back, seizures, and obesity. (Tr. at 22.)

At step three, the ALJ stated that Plaintiff did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Commissioner's regulations. (Tr. at 24.) After consideration of the entire record, the ALJ found that Plaintiff -

has the residual functional capacity to perform a wide range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant is limited to lifting and carrying 50 pounds occasionally and 25 pounds frequently; no sitting limitations, but needs a sit-stand option; and is limited to frequent postural movements.

(Tr. at 24.)

The ALJ determined that Plaintiff was unable to perform any past relevant work, as his past work was UPS delivery (medium but performed at very heavy, svp4), alcohol concession prep cook (light, svp3), and cashier (light, svp 2). (Tr. at 28.) The ALJ determined that, "considering Claimant's age, education, work experience, and residual

- 3 -

functional capacity, there are jobs that exist in significant numbers in the national economy that Claimant can perform." (Tr. at 28.)

Therefore, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from April 7, 2010, through the date of his decision. (Tr. at 29.)

## IV. DISCUSSION

In his brief, Plaintiff contends that the ALJ erred by: (1) failing to properly weigh treating physician's opinion, and (2) improperly discrediting Plaintiff's testimony. (Doc. 28.)[2] Plaintiff requests that the Court remand for determination of benefits.

**A.  Medical Source Opinion Evidence/Plaintiff's Subjective Complaints.**

Plaintiff contends that the ALJ erred by failing to properly weigh medical source opinion evidence. Specifically, Plaintiff argues that the ALJ erred by rejecting the opinion of Plaintiff's treating physician Dr. Joseph Alia, D.O., and instead relying on the opinion of non-examining and non-treating Dr. Eric Schmitter. (Doc. 28.)

"The ALJ is responsible for resolving conflicts in the medical record." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008). Such conflicts may arise between a treating physician's medical opinion and other evidence in the claimant's record. In weighing medical source opinions in Social Security cases, the Ninth Circuit distinguishes among three types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat nor examine the claimant. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). A treating physician's opinion is entitled to "substantial weight." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009) (quoting Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988)). A treating physician's opinion is given controlling weight when it is "well-supported by medically accepted clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the

---

[2]This Court also considers Defendant's Response (Doc. 31), and Plaintiff's Reply (Doc. 34).

- 4 -

1 claimant's] case record." 20 C.F.R. § 404.1527(c)(2). On the other hand, if a treating
2 physician's opinion "is not well-supported" or "is inconsistent with other substantial
3 evidence in the record," then it should not be given controlling weight. Orn v. Astrue, 495
4 F.3d 624, 631 (9th Cir. 2007) (citation omitted).

5 The ALJ accorded little weight to the opinion of treating physician Dr. Alia because
6 "the claimant can not only ride his bicycle long distances, but also can clean and do laundry."
7 (Tr. at 27.) The ALJ accorded great weight to the non-treating, non-examining physician Dr.
8 Schmitter, noting that his opinion is "consist[ent] with the claimant's alleged activities of
9 daily living, which includes cleaning and riding his bicycle. The doctor is a board certified
10 orthopedic surgeon and has had an opportunity to fully review all the medical evidence. In
11 addition, the claimant had an opportunity to question the medical expert at the hearing." (Tr.
12 at 27.)

13 The Court finds that the ALJ did not give sufficient reasons for discounting the
14 opinion of treating physician Dr. Alai. The ALJ improperly relied upon medical reports and
15 Plaintiff's reported daily activities that pre-date the alleged disability onset date[3] in finding
16 that "someone capable of these activities would not have the limitations that Dr. Alia has
17 indicated." (Tr. at 27.) The ALJ also failed to identify other evidence in the record that
18 demonstrated Dr. Alai's opinion was not well-supported. While it is true that the opinion of
19 a nonexamining physician may serve as substantial evidence to support an agency
20 determination, this is only true when other independent evidence supports those assessments.
21 Morgan v. Apfel, 169 F.3d 595, 600 (9th Cir. 1999). The ALJ failed to identify, in the
22 medical evidence reviewed by the nonexamining physician what other evidence supported
23 his conclusions.

24 Plaintiff alleges that the ALJ improperly rejected Plaintiff's testimony. If there is no
25 evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of

---

[3]The ALJ references exhibits 1E, 1F, 4F, 5F, 6F, 10F in support of his findings relating to Plaintiff's daily activities and non-compliance with seizure medicine. (Tr. at 23, 25-26.)

- 5 -

her symptoms only by offering specific, clear and convincing reasons for doing so." Lingenfelter v. Astrue, 504 F.3d 1028, 1036-37 (9th Cir. 2007) (citations omitted). The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." See Parra v. Astrue, 481 F.3d 742, 750 (9th Cir. 2007) (quoting Lester, 81 F.3d at 834).

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see Orn, 495 F.3d at 637-39.[4] The ALJ also considers "the claimant's work record and observations of treating and examining physicians and other third parties regarding, among other matters, the nature, onset, duration, and frequency of the claimant's symptom; precipitating and aggravating factors; [and] functional restrictions caused by the symptoms ... ." Smolen, 80 F.3d at 1284 (citation omitted).

Plaintiff was represented by counsel at the 2012 administrative hearing. (Tr. at 36 .) Plaintiff testified[5] that he was initially bedridden due to his back condition, and continued with problems "[s]tooping, bending, the knees couldn't get back up with something in my

---

[4] With respect to the claimant's daily activities, the ALJ may reject a claimant's symptom testimony if the claimant is able to spend a substantial part of her day performing household chores or other activities that are transferable to a work setting. See Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). The Social Security Act, however, does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication. See id.

[5] Plaintiff's counsel's efforts to elicit testimony from Plaintiff was interrupted with the ALJ's exhortations, "Okay, we got it, move on," (Tr. at 59); "Okay, next question," (Tr. at 64); "next question, counsel," (Tr. at 65); "Okay, we got it, it's difficult to walk," (Tr. at 66); "let's go, next question," (Tr. at 68); "counsel, can we move this along here please," (Tr. at 69); "can you shorten your answers here," (Tr. at 70).

1  hands. The back hurt way too much, the legs wouldn't support the back. Bending over, I
2  couldn't pick something up and then straighten up." (Tr. at 58-68.) Plaintiff testified that
3  he elevated his leg throughout the day. The vocational expert testified that the limitations
4  assessed by treating physician Dr. Alia would prevent performance of any sustained work.
5  (Tr. at 74.)

6      Having reviewed the record, the Court finds that the ALJ did not identify clear and
7  convincing reasons supported by the record for discounting Plaintiff's statements regarding
8  the severity of his limitations. The reasons cited by the ALJ in discounting the opinion of
9  Plaintiff's treating physician, evidence that pre-dated the alleged disability onset date, were
10 the same reasons cited by the ALJ in determining that Plaintiff's statements concerning the
11 intensity, persistence and limiting effects of these symptoms are not credible to the extent
12 they are inconsistent with the residual functional capacity assessment.

13 **B.    Conclusion**

14     In summary, the Court concludes that the ALJ did not properly weigh medical source
15 opinion evidence, and did not support his decision to discredit Plaintiff's reported limitations
16 with specific, clear and convincing reasons.

17 **C.    The Court Remands for Further Proceedings.**

18     Although the ALJ set forth some proper explanations for his conclusions, he
19 committed several errors as well. The Court finds that either one of the ALJ's errors was
20 consequential to the ALJ's finding that Plaintiff is not disabled, and therefore undermine the
21 ALJ's ultimate conclusion. See Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1054-56
22 (9th Cir. 2006) (reviewing Ninth Circuit precedent regarding harmless error and concluding
23 that the overriding consideration is whether an error "was inconsequential to the ultimate
24 nondisability determination.").

25     Plaintiff argues that the Court should exercise its discretion to remand for an award
26 of disability benefits. (Doc. 28, at 17.) "The decision whether to remand a case for
27 additional evidence or simply to award benefits is within the discretion of the court."
28 Reddick, 157 F.3d at 728 (citation omitted). "'[G]enerally, we direct the award of benefits

1  in cases where no useful purpose would be served by further administrative proceedings, or
2  where the record has been thoroughly developed.'" Ghokassian v. Shalala, 41 F.3d 1300,
3  1304 (9th Cir. 1994) (citing Varney v. Sec. of Health and Human Serv., 859 F.2d 1396, 1399
4  (9th Cir. 1988)). Under the Ninth Circuit's credit-as-true standard, a court ordinarily should
5  remand to the agency with instructions to calculate and award benefits where "(1) the record
6  has been fully developed and further administrative proceedings would serve no useful
7  purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence,
8  whether claimant testimony or medical opinion; and (3) if the improperly discredited
9  evidence were credited as true, the ALJ would be required to find the claimant disabled on
10 remand." Garrison v. Colvin, – F.3d –, 2014 WL 3397218, n. 25 (9th Cir., July 14, 2014).

11 In this case, further administrative proceedings would serve the interest of allowing
12 the ALJ to set forth sufficiently clear explanations for his weighing of the medical source
13 evidence, and the weighing of, and the credibility assessment of Plaintiff's subjective
14 complaints. For instance, the ALJ noted that Dr. Schmitter testified at the hearing, was
15 subject to cross-examination, and that he had an opportunity to fully review all of the medical
16 evidence. (Tr. at 27.) Although the ALJ states that Dr. Schmitter's opinion is consistent with
17 "the other objective medical evidence of record," he does not identify that evidence, either
18 from the hearing transcript or the record, to sufficiently support his conclusion. Furthermore,
19 the ALJ noted several MRI results, some taken prior to the to alleged disability onset date.
20 (Tr. at 25.) Although the ALJ asserted that Dr. Schmitter testified that Plaintiff had a normal
21 MRI, the ALJ fails to indicate to which of the MRI results Dr. Schmitter was referring, and
22 whether or not the MRI indicated a normal lumbar spine. (Tr. at 27.)

23 The Court, in its discretion, remands for further proceedings consistent with this
24 opinion. Remand for a payment of benefits is not warranted because there are outstanding
25 issues that must be resolved before a proper disability determination can be made. See
26 Varney, 859 F.2d at 1401. Moreover, the errors the Court has noted concern the sufficiency
27 of the ALJ's explanations – not the accuracy of his conclusions.

28

1   **IT IS ORDERED** reversing the decision of the Commissioner of Social Security and
2   remanding the case to the Commissioner for further proceedings consistent with this Order.
3   DATED this 25th day of March, 2015.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge