**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Belden Henderson, | CIV 13-1830-PHX-MHB |
| Plaintiff, | **ORDER** |
| vs. | |
| Nancy A. Berryhill, Commissioner of the Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff Jeffrey Belden Henderson's motion for attorney's fees under the Equal Access to Justice Act ("EAJA") (Doc. 52). After reviewing the arguments of the parties, the Court now issues the following ruling.

In July 2010, Plaintiff filed applications for disability insurance benefits and supplemental security income alleging disability beginning in July 2009. Plaintiff's onset date was later amended to April 7, 2010. Plaintiff's claims were denied initially and on reconsideration. Thereafter, Plaintiff requested a hearing before an administrative law judge, and a hearing was held on May 15, 2012. Afterwards, the ALJ issued a decision finding that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review, and Plaintiff then sought judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).

This Court, after reviewing the administrative record and the arguments of the parties, reversed the decision of the ALJ, finding that the ALJ did not properly weigh medical source opinion evidence, and did not support his decision to discredit Plaintiff's reported limitations

with specific, clear and convincing reasons. The Court remanded the case to the Commissioner for further administrative proceedings to allow the ALJ to set forth sufficiently clear explanations for his weighing of the medical source evidence and to support his credibility assessment of Plaintiff. Thereafter, Plaintiff appealed the Court's decision to the Ninth Circuit Court of Appeals.

The Ninth Circuit, subsequently, issued its Mandate, reversing the judgment of the district court and instructing it to remand the case to the agency to calculate and award benefits.

The EAJA allows "a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits are ultimately awarded. See Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993).

The "position of the United States" includes both its litigating position and the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). For this position to be substantially justified, it must be "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (holding that substantially justified means having a reasonable basis both in law and fact). In EAJA actions, the government bears the burden of proving that its position was substantially justified. See Gonzales v. Free Speech Coalition, 408 F.3d 613, 618 (9th Cir. 2005). However, "the government's failure to prevail does not raise a presumption that its position was not substantially justified." Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1988).

When analyzing the government's position for substantial justification, the Court's inquiry should be focused on the issue that was the basis for remand and not the merits of Plaintiff's claim in its entirety or the ultimate disability determination. See Flores v. Shalala,

49 F.3d 562, 569 (9th Cir. 2008); see also Corbin v. Apfel, 149 F.3d 1051, 1052 (9th Cir. 1998) ("The government's position must be substantially justified at each stage of the proceedings.").

Plaintiff moves for an award of attorney's fees under the EAJA in the amount of $17,702.10. Defendant opposes Plaintiff's request. Defendant does not argue that the government's position was substantially justified – rather Defendant contends that the amount of fees requested by Plaintiff is unreasonable.

The Court will determine whether the requested fees are reasonable. Plaintiff requests attorney's fees in the amount of $17,702.10. The attorney's fees amount represents the 5.3 hours of work in 2013 (at $187.02/hour), the 49.7 hours of work in 2014 (at $190.06/hour), the 24.0 hours of work in 2015 (at $190.28/hour), the 7.8 hours of work in 2016 (at $192.68/hour), and the 6.1 hours of work in 2017 (at $195.95/hour) by Plaintiff's counsel on the instant matter.

The Commissioner argues that the amount of fees awarded should be reduced because the amount requested is excessive and unreasonable. Citing to a 2012 case, a 2007 case, and a 2005 case, Defendant refutes the time spent on this matter in district court and argues "this Court has typically found a much lower amount of attorney hours reasonable for work before it, usually in the range of 30 to 40 hours." Defendant states that "[n]othing about this case justifies such a high award. The record was of average size (708 pages), and Plaintiff raised only two points of error in her 20-page opening brief to this Court (regarding Plaintiff's treating physician's opinion and his symptom testimony)."

Defendant additionally contends that the "hours of attorney time spent drafting his 36-page Opening Appellate Brief" was unreasonable given that "his opening appellate brief recycled more than half of its language from both his district court brief and previous briefs Plaintiff's attorney had filed in the Court of Appeals."

Defendant concludes stating that "given the evidence of excessive and unreasonable billing outlined above, the Court would be justified in reducing its EAJA award to Plaintiff.

The Commissioner requests that the Court reduce any EAJA award by 30% of the hours requested by Plaintiff, for a total of no more than $12,117.14."

"Social security cases are fact-intensive and require a careful application of the law to the testimony and documentary evidence, which must be reviewed and discussed in considerable detail." Patterson v. Apfel, 99 F.Supp.2d 1212, 1213 (C.D. Cal. 2000). As such, "[t]his Court will not second-guess counsel about the time necessary to achieve a favorable result for his client." Kling v. Sect'y of Dept. of Health & Human Servs., 790 F.Supp. 145, 152 (N.D. Ohio 1992). However, if the requested fees are not shown to be reasonable, then the Court may reduce the award. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) ("It remains for the district court to determine what fee is 'reasonable.'"); Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir. 1998) (applying Hensley to cases involving the EAJA). Thus, "[t]he district court should exclude from [the] initial fee calculation hours that were not 'reasonably expended[,]' ... [and] hours that are excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434.

Although Defendant provides some authority from other social security cases and suggests that the fee amount requested in this case be slashed by 30% based on those cases, the arguments advanced by Defendant are based on Defendant's own general opinion – and fail to address any of the particular services performed in this case necessary to achieve the desired result. Further, "[o]ne certainly expects [some] degree of duplication as an inherent part of the process. There is no reason why the lawyer should perform this necessary work for free." Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008).

Here, the Court will not second-guess Plaintiff's counsel regarding the time expended to achieve a favorable result. See Kling, 790 F.Supp. at 152. The Court finds that Plaintiff's counsel's billed time is reasonable and, therefore, the Court will award Plaintiff attorney's fees in the amount of $17,702.10.

Accordingly,

**IT IS ORDERED** that Plaintiff Jeffrey Belden Henderson's motion for attorney's fees under the Equal Access to Justice Act ("EAJA") (Doc. 52) is **GRANTED**;

- 4 -

1    **IT IS FURTHER ORDERED** that Plaintiff is awarded $17,702.10 pursuant to the

2    Equal Access to Justice Act;

3         **IT IS FURTHER ORDERED** that, this award shall be payable to Plaintiff and is

4    subject to offset to satisfy any pre-existing debt that Plaintiff owes the United States pursuant

5    to Astrue v. Ratliff, 560 U.S. 586, 594 (2010).

6         DATED this 22nd day of January, 2018.

Michelle H. Burns
United States Magistrate Judge